UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEARNS BANK NATIONAL
ASSOCIATION, etc.,

      Plaintiff,

v.                                  Case No. 8:11-cv-2305-T-30AEP

MARRICK PROPERTIES, LLC, et al.,

      Defendants.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff Stearns Bank National Association's Motion for Summary Judgment and supporting exhibits (the "**Motion**"). (Dkt. 12.) Defendants failed to respond to the Motion within the time allotted under Local Rule 3.01(b), and failed to respond to this Court's Order to Show Cause (Dkt. 16), however, the Motion can be resolved without the need for a response.

Plaintiff Stearns Bank National Association, successor to First State Bank by asset acquisition from the Federal Deposit Insurance Corporation as receiver for First State Bank, brings this action to foreclosure on certain mortgages (the "**Mortgages**") and security agreements (the "**Security Agreements**") granted by Marrick Properties, LLC on real property and personal property located in Pinellas County, Florida, and to recover damages for breach of promissory notes executed by Marrick Properties, LLC (the "**Notes**") and guaranties executed by Richard Hoe and Lisa Ulrich (the "**Guaranties**").

The real property securing the Mortgages and the personal property securing the Security Instruments is owned by Marrick Properties, LLC. Marrick Properties, LLC defaulted under the loans (i) by failing to pay the ad valorem taxes on the real property securing the Mortgages for

1

the 2009 and 2010 tax years, (ii) by failing to make the monthly payments due under one of the Notes in June 2011, and on each month thereafter, and (iii) by virtue of cross-default provisions contained in each of the Notes and Mortgages.   Richard Hoe and Lisa Ulrich breached the Guaranties by failing to pay the amounts due under the Notes after Marrick Properties, LLC's default.  Plaintiff then accelerated the balance of the Notes and filed the instant action.

Defendants Marrick Properties, LLC, Richard Hoe and Lisa Ulrich ("**Defendants**") responded to Plaintiff's Complaint (Answer, Dkt. 9) and raised the defenses of (i) failure to satisfy conditions precedent, (ii) setoff, and (iii) failure to deliver or file the original Notes and Mortgages.

Summary judgment is warranted in the absence of a "genuine dispute as to any material fact." Fed. R .Civ. P. 56(a).  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (citations omitted).  On a motion for summary judgment, the court must review the record, and all of its inferences, in the light most favorable to the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (citations omitted).  Having reviewed the record, and all of its inferences, in the light most favorable to the nonmoving party, the Court finds that Plaintiff is entitled to the entry of a final summary judgment in its favor against Defendants. Defendants cannot demonstrate a genuine dispute as to the indebtedness owed to Plaintiff, or as to their defenses of failure to satisfy condition precedent, setoff and presentment.

The undisputed material facts establish that:  (i) Marrick Properties, LLC executed and delivered to First State Bank the Notes, Mortgages and Security Agreements (Affidavit of Laurel Flynn (the "**Affidavit**"), Dkt. 13, ¶¶ 4, 5, 7, 9, 13, 14, 17, Exhibits A, B, F, I, J, M); (ii) the

Mortgage and all modifications to the Mortgage were properly recorded (Affidavit, ¶¶ 5, 7, 9, 14, 17, Exhibits B, D, F, J, M); (iii) Stearns Bank National Association owns and holds the Notes, the Mortgages and the Security Agreements (Affidavit, ¶ 25); (iv) the subject real property and personal property is owned by Marrick Properties, LLC (Answer, ¶ 10); and (v) Marrick Properties, LLC defaulted under the Notes by failing to pay the ad valorem taxes on the real property securing the Mortgages for the 2009 and 2010 tax years, by failing to make the monthly payments due under one of the Notes in June 2011, and on each month thereafter, and by virtue of cross-default provisions contained in each of the Notes and Mortgages (Affidavit, ¶¶ 19, 20). Therefore, all of the requisite elements of a foreclosure claim are present here. See David v. Sun Federal Sav. & Loan Ass'n, 461 So. 2d 93, 95-96 (Fla. 1984) (delineating the elements of a foreclosure claim).

The undisputed material facts also establish the existence of all elements of an action on a promissory note. See Student Loan Marketing Ass'n v. Morris, 662 So. 2d 990, 991 (Fla. 2d DCA 1995) (delineating the elements of an action on a promissory note). Marrick Properties, LLC breached the Notes (i) by failing to pay the ad valorem taxes on the real property securing the Mortgages for the 2009 and 2010 tax years, (ii) by failing to make the monthly payments due under one of the Notes in June 2011, and on each month thereafter, and (iii) by virtue of cross-default provisions contained in each of the Notes, and the entire debt secured by the Mortgages and Security Agreements is due. (Affidavit, ¶¶ 19, 20.) Further, the undisputed material facts establish Plaintiff's entitlement to damages under the Guaranties. Richard Hoe and Lisa Ulrich violated the Guaranties by failing to pay the amounts due under the Notes after Marrick Properties, LLC's default and the entire indebtedness secured by the Mortgages and Security Agreements is due.

Defendants first defense fails because a denial of a condition precedent must be done with particularity. See Fed. R. Civ. P. 9(c). Defendants have failed to identify any condition precedent that Plaintiff failed to satisfy, or otherwise allege any facts in support of their first defense. Furthermore, as shown by the Complaint and Motion, Plaintiff has satisfied all conditions precedent necessary to bring the instant action.

Defendants' defense of setoff of all amounts paid and an accounting of all amounts due under the loans also fails. Defendants have been provided with payment history ledgers that indicate all amounts paid by Marrick Properties, LLC under the loans. See Affidavit, Exhibits O, P, Q. The payment history ledgers clearly demonstrate Plaintiff has given Defendants proper credit for all amounts paid under the loans and Defendants are not entitled to setoff.

Finally, Defendants cannot defend themselves against Plaintiff's claims on grounds that Plaintiff failed to make proper presentment of the original note because the Notes specifically state that Borrower waives presentment, demand for payment, and notice of dishonor. See Affidavit, Exhibits A, F, I, L; see also Chris Craft Indus., Inc. v. Van Valkenberg, 267 So. 2d 642, 646-47 (Fla. 1972) (finding meritless a "notice of dishonor" affirmative defense because the note contains a waiver of protest, which "is deemed to be a waiver of presentment and notice of dishonor") (citing Layton v. Orr, 187 So. 704 (1939)).

Plaintiff seeks appointment of a special master to conduct the foreclosure sale, which is authorized by Rule 53(a)(1)(C), Federal Rules of Civil Procedure. Absent a basis for disqualification, federal courts routinely appoint special masters to conduct foreclosure sales. See Stearns Bank, N.A. v. Farrell Homes, Inc., et al., Case No. 8:11-cv-1724-T026TBM, Dkt. 23 (M.D. Fla. Jan. 20, 2012); GE Capital Franchise Finance Corp. v. CJS Holdings, Inc., Case No. 8:11-cv-997-T-26MAP, Dkt. 29 (M.D. Fla. Oct. 4, 2011); Fifth Third Bank v. North Port

Gateway, LLC, et al., Case No. 8:11-cv-29-TBM, Dkt. 84 (M.D. Fla. Feb. 16, 2011).  Neither a district judge nor a magistrate judge is available to timely and effectively address this matter.  No basis exists for disqualification of the proposed Special Master Matthew J. Meyer.  (See Declaration of Matthew J. Meyer, Dkt. 14.)

ACCORDINGLY, it is ORDERED and ADJUDGED:

1.     Plaintiff's Motion for Summary Judgment is GRANTED.

2.     A final judgment of foreclosure and order of sale shall be entered in accordance with this Order.

3.     The Clerk is directed to enter a judgment in favor of Plaintiff, terminate any pending motions, and close this case.

DONE and ORDERED in Tampa, Florida, this 5 day of _April_ , 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of Record